1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

12 STEPHEN SANCHEZ,                        )    1:11-cv-00252 OWW MJS HC
                                          )
13              Petitioner,               )    FINDINGS AND RECOMMENDATION TO
                                          )    DISMISS SUCCESSIVE PETITION FOR
14        v.                              )    WRIT OF HABEAS CORPUS PURSUANT
                                          )    TO 28 U.S.C. § 2244(b)
15 UNKNOWN,                               )
                                          )
16              Respondent.               )
   _____)

17

18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.

20        In the petition filed on February 7, 2011, Petitioner challenges a July 11, 1985

21 conviction of the Fresno County Superior Court. A review of the Court's docket and files shows

22 Petitioner has previously sought federal habeas relief with respect to this conviction. In case

23 number 1:91-cv-00512-REC-JFM (HC), the Petitioner challenged the same underlying

24 conviction. On January 15, 1993, the petition was denied on the merits.

25 **I.    DISCUSSION**

26        A court must dismiss a second or successive petition that raises the same grounds as

27 a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second or successive

28 petition raising a new ground unless the petitioner can show that 1) the claim rests on a new

1  constitutional right, made retroactive by the United States Supreme Court or 2) the factual

2  basis of the claim was not previously discoverable through due diligence, and these new facts

3  establish by clear and convincing evidence that but for the constitutional error, no reasonable

4  factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. §

5  2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or

6  successive petition meets these requirements; the Petitioner must first file a motion with the

7  appropriate court of appeals to be authorized to file a second or successive petition with the

8  district court.

9        Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted

10  by this section is filed in the district court, the applicant shall move in the appropriate court of

11  appeals for an order authorizing the district court to consider the application." In other words,

12  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

13  petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

14  dismiss any second or successive petition unless the Court of Appeals has given Petitioner

15  leave to file the petition because a district court lacks subject-matter jurisdiction over a second

16  or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

17        Because the current petition was filed after April 24, 1996, the provisions of the

18  Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition.

19  Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained

20  prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  That

21  being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief

22  under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277. If

23  Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for

24  leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244(b)(3).

25  **II.     RECOMMENDATION**

26        Accordingly, the Court HEREBY RECOMMENDS the habeas corpus petition be

27  DISMISSED as successive.

28        This Findings and Recommendation is submitted to the assigned United States District

U.S. District Court
E. D. California

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

2  Local Rules of Practice for the United States District Court, Eastern District of California.

3  Within thirty (30) days after the date of service of this Findings and Recommendation, any

4  party may file written objections with the Court and serve a copy on all parties.  Such a

5  document should be captioned "Objections to Magistrate Judge's Findings and

6  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

7  days after service of the Objections.  The Finding and Recommendation will then be submitted

8  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

9  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

10  waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

11  Cir. 1991).

12

13  IT IS SO ORDERED.

14  Dated:    August 16, 2011                        /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28